**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

DEVPAT AB,                                                     :
                                                              :   **Civ. Action No.:**
                                    Plaintiff,                :
                                                              :
            v.                                                :   **COMPLAINT AND**
                                                              :   **DEMAND FOR JURY TRIAL**
USANA HEALTH SCIENCES, INC.,                                  :
                                                              :
                                    Defendant.                :
-------------------------------------------------------------X

## COMPLAINT

Plaintiff DevPat AB ("Plaintiff"), by its attorneys, for its Complaint against defendant

USANA Health Sciences, Inc. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, unfair competition, false designation

of origin, and related claims under the United States Trademark (Lanham) Act of 1946, 15 U.S.C.

§§ 1051 et seq. (as amended), and New York common law.  The Complaint arises from

Defendant's unauthorized adoption and use of the mark MYSMARTSHAKE, which is virtually

identical to Plaintiff's SMARTSHAKE trademark.  Defendant's use of the mark

MYSMARTSHAKE for goods highly related to goods offered by Plaintiff under the

SMARTSHAKE trademark has and will continue to confuse, mislead and deceive the general

public into believing that Plaintiff manufactures, sells, sponsors, approves or licenses

Defendant's protein shake products.

## THE PARTIES

2.      Plaintiff, DevPat AB, is a limited liability joint stock company, organized and

existing under the laws of Sweden, with an address at Frejagatan 13 a, 723 35 Västerås, Sweden.

3.      On information and belief, Defendant, USANA Health Sciences, Inc. is a corporation, organized and existing under the laws of Utah, with an address at 3838 W Parkway Blvd, Salt Lake City, Utah 84120.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, as well as 28 U.S.C. §§ 1331, 1332, and 1338, and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.  The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the parties are of diverse citizenship.

5.      Personal jurisdiction over Defendant is proper because Defendant solicits, transacts, and does business within the State of New York and within this District, and the claims in this action arise out of such business activities in this District.

6.      Defendant has caused and is causing injury within this District by advertising, promoting, distributing, offering for sale and selling products bearing the infringing MYSMARTSHAKE trademark in this District.

7.      Defendant has advertised, promoted and sold products bearing the infringing MYSMARTSHAKE trademark in New York through, among other channels, The Dr. Oz Show, which is produced live and taped on W. 66th Street in New York City, broadcast to viewers in this District and across the country, with video clips available to interested consumers online through the Dr. Oz and USANA websites, including for products bearing the infringing MYSMARTSHAKE trademark (see, e.g., www.doctoroz.com/video-series/shake-it?video_id=4934571016001).  Indeed, Defendant has promoted its "USANA MySmartShake Sweepstakes" (www.doctoroz.com/page/usana-mysmartshake-sweepstakes) as well as the "MYSMARTSHAKE shake" products, and continues to promote and advertise those products bearing the "MYSMARTSHAKE" mark (www.doctoroz.com/video-series/shake-

it?video_id=4934571016001), on and through the New York-based The Dr. Oz Show and affiliated website, to a New York audience, as well as to consumers in this District and nationwide. The Defendant prominently advertises and promotes itself, including on its website (www.usana.com), and has been and continues to be advertised and promoted on and by the New York-based The Dr. Oz Show, as "a Trusted Partner and Sponsor of The Dr. Oz Show." (www.doctoroz.com/trusted-partners). These promotional activities by Defendant on and through The Dr. Oz Show within this District have resulted in actual confusion amongst the public as to the source and origin of the infringing MYSMARTSHAKE products.

8.     Plaintiff ships products bearing the SMARTSHAKE® Trademark directly into New York. A copy of a shipping invoice for SMARTSHAKE® products being delivered to New York is attached as Exhibit B.

9.     Plaintiff's SMARTSHAKE® bottle shakers have been sold throughout the United States in various locations and trade channels, including health food specialty stores, retail grocery stores and pharmacies, including but not limited to in locations throughout the city and state of New York, Internet websites and online stores.

10.     Venue is proper in this District under 28 U.S.C § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District, including, as described above, Defendant's aiming of its marketing and advertising at this District, active marketing within and from this District, specific targeting consumers within this District, causing of actual confusion with the Plaintiff's products by its promotional activities within this District, and sale of its infringing goods in the District.

## FACTUAL BACKGROUND

**A.     PLAINTIFF'S TRADEMARK RIGHTS IN ITS SMARTSHAKE® TRADEMARK**

11.     Plaintiff is the sole owner of three valid and subsisting federal trademark registrations for the SMARTSHAKE® trademark (herein after the "SMARTSHAKE® Trademark"), all of which are registered on the Principal Register.  These registrations are as follows:

| Mark | Registration Number | First Use Date | Registration Date | Goods |
|------|--------------------|----------------|-------------------|-------|
| SMARTSHAKE | 4,871,259 | September 23, 2010 | December 15, 2015 | Class 21 - Non-electric food blenders and containers for household purposes; shakers, both insulated and non-insulated, for foodstuffs, sold empty; bottles, both insulated and non-insulated, for foodstuffs, sold empty; plastic bottles, sold empty |
| SmartShake | 4,199,080 | September 24, 2010 | August 28, 2012 | Class 21 - Non-electric food, beverage and drink mixers for household, kitchen, domestic or outdoor use; bottles, sold empty; containers for household or kitchen use; sports bottles, sold empty, for the purpose of mixing supplements |
| SmartShake | 4,929,699 | N/A | April 05, 2016 | Class 21 - Non-electric food blenders and containers for household purposes; shakers, both insulated and non-insulated, for foodstuffs, sold empty; bottles, both insulated and non-insulated, for foodstuffs, sold empty; plastic bottles, sold empty |

12.     Plaintiff's registrations provide *prima facie* evidence of the validity of the SMARTSHAKE® Trademark and of Plaintiff's exclusive right to use its SMARTSHAKE® Trademark in commerce in connection with non-electric food blenders and containers for household purposes; non-electric food, beverage and drink mixers for household, kitchen, domestic or outdoor use shakers, both insulated and non-insulated, for foodstuffs, sold empty; bottles, both

insulated and non-insulated, for foodstuffs, sold empty; plastic bottles, sold empty" ("SMARTSHAKE® Goods") pursuant to 15 U.S.C. § 1115(b), and the registrations provide nationwide constructive notice of Plaintiff's exclusive rights pursuant to 15 U.S.C. § 1072. Copies of the registration certificates for the aforementioned registrations are attached as <u>Exhibit A</u>.

13.     The SMARTSHAKE® Trademark was first used in U.S. commerce on or about September 2010 in connection with the SMARTSHAKE® Goods, and since the date of first use, Plaintiff has continuously used the SMARTSHAKE® Trademark in connection with the SMARTSHAKE® Goods.

14.     The SMARTSHAKE® Trademark is immediately recognizable to the ordinary consumer and distinguishes the SMARTSHAKE® line of accessories for use in connection with protein powder and nutritional supplements from other protein shake and supplement-related products.

15.     Plaintiff manufactures and promotes, offers for sale and sells a line of drinking bottles, shakers and food containers under the distinctive SMARTSHAKE® brand.

16.     Plaintiff prominently and consistently displays its distinctive SMARTSHAKE® Trademark on the shaker bottle products, as shown below:



17.     Plaintiff's SMARTSHAKE® bottles are specifically created, produced and marketed for use in connection with protein shakes, as well as other nutritional supplements and health food products.

18.     Plaintiff's SMARTSHAKE® shakers come in a variety of styles or "series."

19.     Plaintiff ships products bearing the SMARTSHAKE® Trademark directly into New York.  A copy of a shipping invoice for SMARTSHAKE® products being delivered to New York is attached as Exhibit B.

20.     Plaintiff's SMARTSHAKE® bottle shakers have been sold throughout the United States in various locations and trade channels, including health food specialty stores, retail grocery stores and pharmacies, including but not limited to in locations throughout the city and state of New York, Internet websites and online stores.

21.     Plaintiff has also advertised and promoted, and continues to advertise, market and promote its SMARTSHAKE® products via its web site at < https://www.smartshake.com/>,

which averaged approximately 12.000 page views a month in 2016, of which approximately more than 80% were unique visitors per month in 2016".

22.     Plaintiff has advertised and promoted, and continues to advertise and promote, goods bearing the SMARTSHAKE® Trademark in a variety of media throughout the United States, including but not limited to national print advertisements, online videos, e-mails, e-newsletters, digital, search, social, and through paid spokespersons and key opinion leaders.

23.     Since Plaintiff began selling bottle shakers and related products in 2010 under the SMARTSHAKE® Trademark, Plaintiff has expended substantially large sums of money to advertise and promote the SMARTSHAKE® Goods through a variety of media throughout the United States by continuously using and displaying the SMARTSHAKE® Trademark to distinguish its goods from those offered by others in the health food and nutritional supplement space.

24.     Plaintiff has spent millions of dollars in developing and promoting its line of SMARTSHAKE® Goods.   SMARTSHAKE® Goods have been widely advertised and sold online, through general retail stores and specialty health foods stores, throughout the United States with sales well in excess of $10 million per year.

25.     As a result of such advertising and promotion, as well as the uniquely high quality and convenience of its SMARTSHAKE® Goods, such goods have become market leaders in their category and enjoy a favorable reputation among consumers throughout the United States. As a result of its widespread recognition and reputation for excellence, consumers have come to associate the SMARTSHAKE® Trademark exclusively with Plaintiff.   Together with its reputation for excellence, Plaintiff enjoys valuable goodwill in the SMARTSHAKE® Trademark.

**B.     <u>DEFENDANT'S WRONGFUL AND INFRINGING CONDUCT</u>**

26.     On information and belief, subsequent to Plaintiff's adoption and use of the SMARTSHAKE® Trademark and despite Plaintiff's prior rights in the SMARTSHAKE® Trademark, Defendant adopted and commenced use in the United States of the mark MYSMARTSHAKE on and in connection with Defendant's protein shake mixes and shaker bottle (hereinafter the "Infringing MYSMARTSHAKE Mark").

27.     The Infringing MYSMARTSHAKE Mark is confusingly similar to Plaintiff's SMARTSHAKE® Trademark in appearance, sound, meaning and commercial impression.

28.     Defendant prominently displays the Infringing MYSMARTSHAKE Mark on its packaging, on its products and in connection with promotion and advertising therefor, as shown below:



 

29.     Defendant is using the Infringing MYSMARTSHAKE Mark in connection with protein shake mixes and a shaker bottle therefor and as such, the Infringing MYSMARTSHAKE Mark is used for goods which are identical or highly related to Plaintiff SMARTSHAKE® Goods.

30.     Defendant promotes, advertises, offers for sale and sells product bearing the Infringing MYSMARTSHAKE Mark, including through its website, located at <usanahealth.net>, as well as through other online retailers (see, e.g., www.buynutritionals.com/usana-mysmartshake-protein-plus-booster).

31.     As described above, Defendant also promotes and advertises its products on and through The Dr. Oz Show, which is produced and broadcast live in New York City.  Defendant's promotional efforts in connection with The Dr. Oz Show have included the "USANA

MySmartShake Sweepstakes", marketed to consumers nationwide, including New York-based consumers.

32.     Defendant is not affiliated with or sponsored by Plaintiff and has not been authorized by Plaintiff to use its distinctive SMARTSHAKE® Trademark or any mark confusingly similar thereto, including the Infringing MYSMARTSHAKE Mark, to identify its products.

33.     Defendant's adoption and use of the Infringing MYSMARTSHAKE Mark for its protein shake mixes and related accessories has caused and is likely to continue to cause confusion, mistake or deception among purchasers and the consuming public as to the source, origin or sponsorship of Defendant's goods.   A substantial number of actual and potential purchasers and customers, upon encountering Defendant's products or advertising bearing Defendant's Infringing MYSMARTSHAKE Mark, are likely to mistakenly believe that Defendant's goods originate with, or are licensed, approved, sponsored by or otherwise affiliated with or related to, Plaintiff's SMARTSHAKE® products.

34.     More specifically, Defendant has advertised, promoted and sold products bearing the infringing MYSMARTSHAKE trademark in New York through, among other channels, The Dr. Oz Show, which is produced live and taped on W. 66th Street in New York City, broadcast to viewers in this District and across the country, with video clips available to interested consumers online through the Dr. Oz and USANA websites, including for products bearing the infringing MYSMARTSHAKE trademark (*see, e.g.*, www.doctoroz.com/video-series/shake-it?video_id=4934571016001).   Indeed, Defendant has promoted its "USANA MySmartShake Sweepstakes" (www.doctoroz.com/page/usana-mysmartshake-sweepstakes) as well as the "MYSMARTSHAKE shake" products, and continues to promote and advertise those products bearing       the       "MYSMARTSHAKE"       mark       (www.doctoroz.com/video-series/shake-

it?video_id=4934571016001), on and through the New York-based The Dr. Oz Show and affiliated website, to a New York audience, as well as to consumers in this District and nationwide.

35.     Defendant's infringing activities, including but not limited to its advertising and promotion of the infringing MYSMARTSHAKE trademark-bearing products on and through The Dr. Oz show have caused actual confusion. For instance, following an episode of The Dr. Oz show in which Defendant's infringing products were featured, Tony Giovanini, the vice president of sales for the SMARTSHAKE® brand, received a call from a confused customer who mistakenly believed that it was Plaintiff's SMARTSHAKE® products that were being promoted in that episode of The Dr. Oz Show.  Email correspondence from Tony Giovanini to Mikael Bergstrom reporting the June 15, 2016 call and example of actual confusion is attached hereto as Exhibit C.

36.     Defendant's infringement of Plaintiff's SMARTSHAKE® Trademark has been and continues to be willful, deliberate and intentional.

37.     Defendant's adoption and use of the Infringing MYSMARTSHAKE Mark is causing and will continue to cause damage and harm to Plaintiff and its valuable reputation and goodwill.

**C.     PLAINTIFF'S DEMAND LETTER TO DEFENDANT AND SUBSEQUENT DISCUSSIONS THEREWITH**

38.     As indicated above, Plaintiff became aware of Defendant's unauthorized use of the Infringing MYSMARTSHAKE Mark in June 2016 when Defendant's products were featured on The Dr. Oz Show. Following the episode in which Defendant's infringing products were featured, Tony Giovanini, the vice president of American sales for the SMARTSHAKE® brand, received a call from a confused customer who mistakenly believed that it was Plaintiff's

SMARTSHAKE® products that were being promoted through that episode of The Dr. Oz Show. (See Exhibit C).

39.     By letter to Defendant on July 28, 2016, counsel for Plaintiff notified Defendant of Plaintiff's ownership of the SMARTSHAKE® Trademark, coupled with Plaintiff's extensive advertising and marketing, and demanded that Defendant immediately cease and desist from all current and intended future use of products bearing the Infringing MYSMARTSHAKE Mark, as well as the designation "SMARTSHAKE."  A copy of this letter is attached hereto as Exhibit D and incorporated herein by reference.

40.     On October 3, 2016, counsel for Defendant sent a reply letter to Plaintiff's counsel denying that its client was infringing Plaintiff's SMARTSHAKE® Trademark, but indicating a willingness to attempt to resolve the matter at hand.  A copy of the October 3, 2016 letter is attached hereto as Exhibit E and incorporated herein by reference.

41.     Between October 2016 and February 2017, Plaintiff and Defendant were involved in ongoing discussions in an attempt to reach an amicable resolution.

42.     During this time, Defendant proposed a revised product packaging on which Defendant modified its mark to "USANA MYSMART," as shown below:



43.     Plaintiff approved of the revised product packaging based on the fact that the mark was amended to USANA MY SMART, no longer employed the infringing MYSMARTSHAKE mark.

44.     While the parties were finalizing settlement terms in mid-February, and the day after informing Plaintiff that it would be getting back to Defendant, Defendant inexplicably filed an action in District Court in Utah seeking Declaratory Judgment that Defendant's use of the mark "USANA MYSMART" – the revised mark noted above – does not infringe Plaintiff's MYSMARTSHAKE® Trademark.  However, as indicated above, and during the parties' discussions, the "USANA  MYSMART" mark was never alleged to be infringing, or threatened with suit, but to the contrary was approved for use by Plaintiff.

45.     Indeed, on information and belief, Defendant has not converted to the uncontested MYSMART mark, but instead has continued and, upon information and belief, Defendant plans to continue use of the Infringing MYSMARTSHAKE Mark in connection with its protein shake mix and shaker bottle products, all to the damage and detriment of Plaintiff's reputation, goodwill and sales.

### FIRST CAUSE OF ACTION
**(Trademark Infringement in Violation of 15 U.S.C. § 1114(1) / Lanham Act § 32(1))**

46.     Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

47.     U.S. Trademark Registration Nos. 4,871,259, 4,199,080 and 4,929,699 for the SMARTSHAKE® Trademark are valid and subsisting federally registered trademarks.  By virtue of these registrations, the SMARTSHAKE® Trademark is entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

48.     Defendant's use of the Infringing MYSMARTSHAKE Mark is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant's protein

powder and shaker bottle products in that the public is likely to believe that those products are provided by, sponsored by, licensed by, affiliated, or associated with, or in some other way legitimately connected to Plaintiff or its products offered under the SMARTSHAKE® Trademark, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.     Defendant has continued its unlawful use of its Infringing MYSMARTSHAKE Mark despite awareness of Plaintiff's SMARTSHAKE® Trademarks and the infringing nature of its products and uses of the infringing marks and as such, is willfully infringing Plaintiff's SMARTSHAKE® Trademark.

50.     Plaintiff has been damaged by the aforementioned acts in an amount to be determined at trial.

51.     Defendant's conduct, if it continues, will result in irreparable harm to Plaintiff and, specifically, to the goodwill and reputation associated with the SMARTSHAKE® Mark, unless such conduct is enjoined.

## SECOND CAUSE OF ACTION
### (False Designation of Origin, Passing Off and Unfair Competition Under 15 U.S.C. § 1125(a) / Lanham Act §43(a))

52.     Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

53.     Without authorization from Plaintiff, Defendant has adopted and continues to use the Infringing MYSMARTSHAKE Mark in connection with the advertising and sale of goods in commerce in such a manner to falsely designate the origin of Defendant's products and confuse the public by suggesting that those products are sponsored by or affiliated with Plaintiff, in violation of 15 U.S.C. § 1125(a).

54.     Defendant's acts have a substantial economic effect on interstate commerce because goods bearing the Infringing MYSMARTSHAKE Mark are advertised and sold in

interstate commerce, and because Plaintiff's SMARTSHAKE® Goods bearing the SMARTSHAKE® Trademark are also advertised and sold in interstate commerce.

55.    Defendant's aforesaid acts are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of a trademark virtually identical or confusingly similar to Plaintiff's SMARTSHAKE® Trademark in connection with identical or highly similar goods constitutes a false designation of origin and unfair competition.

56.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be proven at trial

57.    Plaintiff has no adequate remedy at law.  If Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

**THIRD CAUSE OF ACTION**
**(Common Law Trademark Infringement and Unfair Competition)**

58.    Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

59.    As a result of Plaintiff's substantial advertising and promotional efforts for the SMARTSHAKE® Trademark, as well as its dedication to providing quality products under the SMARTSHAKE® brand, Plaintiff has built up valuable goodwill in the SMARTSHAKE® Trademark.  As such, the SMARTSHAKE® Trademark has become associated with Plaintiff's products, and has come to symbolize the reputation for quality and excellence of Plaintiff's SMARTSHAKE® Goods.

60.    Without Plaintiff's consent or authorization, Defendant has used and is using the Infringing MYSMARTSHAKE Mark, which is confusingly similar to the SMARTSHAKE® Trademark, in connection with the advertising and sale of goods in commerce in such a manner as to create a likelihood of confusion among prospective purchasers, and to compete unfairly with Plaintiff.

61.    Defendant's use of the Infringing MYSMARTHSHAKE Mark induces prospective purchasers and others to believe, contrary to the fact, that the goods sold by Defendant are rendered, sponsored, or otherwise approved by, or connected with, Plaintiff.

62.    Defendant has continued its unlawful conduct despite full knowledge and awareness of Plaintiff's trademark rights and the infringing nature of Defendant's such conduct.

63.    Defendant's use of the Infringing MYSMARTSHAKE Mark is confusingly similar to Plaintiff's SMARTSHAKE® Trademark and is likely to deceive the public into believing, falsely, that Defendant's protein shake products and accessories are associated therewith, originate from or are offered, sponsored or approved by Plaintiff, or that there is otherwise a connection between the companies' products and businesses.  Defendant has unfairly competed with Plaintiff in violation of New York common law and laws of States in which Defendant has sold its products.

64.    Defendant's unauthorized use of the Infringing MYSMARTSHAKE Mark constitutes trademark infringement of the SMARTSHAKE® Trademark under the common law.

65.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damage to its goodwill and reputation as symbolized by its valuable SMARTSHAKE® Trademark, and other damages in an amount to be proved at trial.

66.    Plaintiff does not have an adequate remedy at law, and will continue to be damaged by Defendant's sale of products bearing the Infringing MYSMARTSHAKE Mark. Unless enjoined by this Court, Defendant will continue these acts of trademark infringement and unfair competition, thereby deceiving the public and causing Plaintiff immediate and irreparable damage entitling Plaintiff to remedies available under the common law.

**FOURTH CAUSE OF ACTION**
**(New York General Business Law § 360(l))**

67.     Plaintiff repeats and realleges each and every allegation of fact above as if set forth herein.

68.     Defendant's illegal acts as set forth above have caused damage to Plaintiff by tarnishing Plaintiff's valuable reputation and diluting or blurring the distinctiveness of Plaintiff's SMARTSHAKE® Mark in violation of New York General Business Law § 360(l).

69.     Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation unless this Court enjoins Defendant from its deceptive business practices in using the Infringing MYSMARTSHAKE Mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     Pursuant to 15 U.S.C. §1116 and the common law, that Defendant and each of its agents, servants, employees, attorneys, officers, and all others in privity and acting in concert with it be preliminarily and permanently enjoined and restrained from:

    a. using, registered or applying to register the Infringing MYSMARTSHAKE Mark, or any other trademark or trade name confusingly similar to Plaintiff's SMARTSHAKE® Trademark, in connection with the sale, advertising, promotion or distribution of any products related to protein shakes and nutritional supplements;

    b. using or authorizing to use in any manner any design, trademark, trade name, or combination thereof which imitates, resembles, or suggests the SMARTSHAKE® Trademark;

    c. otherwise infringing the SMARTSHAKE® Trademark;

    d. unfairly competing with Plaintiff, or any of their authorized licensees, in any manner, diluting the distinctiveness of Plaintiff's SMARTSHAKE®

Trademark, and otherwise injuring Plaintiff's business reputation in any manner;

    e.  publishing any telephone, directory or Internet listing using the Infringing MYSMARTSHAKE Mark and any other mark containing the term "SMARTSHAKE," and any other mark confusingly similar to the SMARTSHAKE® Trademark, in the advertising, offering for sale and/or sale of any goods that may reasonably be encompassed by the SMARTSHAKE® Trademark, or which may constitute a natural zone of expansion for Plaintiff;

    f.  engaging in the unlawful, unfair, or fraudulent business acts or practices, including, without limitation, the actions described herein;

    g.  engaging in any other actions that constitute unfair competition with Plaintiff; and

    h.  destroying, altering, and/or removing any books or records that contain any information relating to the use of the Infringing MYSMARTSHAKE Mark.

2.    An order imposing a constructive trust on all proceeds and/or fruits of the sales of goods that bear a mark that infringes Plaintiff's SMARTSHAKE® Trademark;

3.    Pursuant to 15 U.S.C. § 1118, that Defendant be directed to deliver up for destruction all packages, labels, advertisements, promotions, point of sale materials, signs, prints, and all other materials in its possession or under its control bearing the Infringing MYSMARTSHAKE Mark;

4.    Pursuant to 15 U.S.C. §§ 1117 and 1125, and the common law, that Defendant account and pay Plaintiff damages in an amount sufficient to fairly compensate it for the injury it has sustained, plus all the profits that are attributable to Defendant's use of the Infringing MYSMARTSHAKE Mark, and such other sums as the Court finds to be just;

5.      All such other and further relief, in law or equity, to which Plaintiff may be entitles, or which the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all triable issues that are raised by this Complaint.

Dated: April 20, 2017                    Respectfully submitted,

**GREENBERG TRAURIG LLP**


By:      */s/ Richard C. Pettus*
         Richard C. Pettus
         Masahiro Noda
         Sarah Y. Lippman
         Brooke Hazan
         200 Park Avenue, 38th Floor
         New York, NY 10166
         Telephone: (212) 801-9200
         Facsimile: (212) 801-6400

         *Attorneys for Plaintiff*
         *DevPat AB*