James T. Burton
jburton@kmclaw.com
801.323.5998

**KIRTON | McCONKIE**

May 31, 2017

<u>**VIA ECF**</u>

Honorable John G. Koeltl
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      RE:    *DevPat AB v. USANA Health Sciences, Inc.*
                Case No. 17-CV-2858
                USANA's Letter Requesting a Pre-Motion Conference

Honorable Judge Koeltl,

      We write pursuant to Your Honor's Local Rule 2(B), which requires a pre-motion conference before, *inter alia*, the filing of a motion to dismiss.

      Defendant USANA Health Sciences, Inc. ("USANA") intends to file a motion to dismiss Plaintiff DevPat AB's ("DevPat") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) as this Court lacks personal jurisdiction over USANA, who is located and incorporated in Utah and has no contacts with this district sufficient to confer personal jurisdiction over USANA.

      USANA further intends to move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) and the first-filed rule because this district is the improper venue for this matter to proceed. Specifically, USANA filed in the District of Utah a substantially similar case against DevPat two (2) months prior to DevPat filing the instant action; thus, the first-filed rule requires dismissal so this matter can proceed in Utah. *See First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 78 (2d Cir. 1989). Moreover, there are no "special circumstances" justifying deviation from the first-filed rule as USANA's Utah complaint was not an improper anticipatory filing. *See Everest Capital Ltd. v. Everest Fund Mgmt., LLC*, 178 F.Supp.2d 459, 469 (S.D.N.Y. 2002). Further, USANA did not forum shop in choosing the District of Utah as its venue as USANA is located and incorporated in Utah. *See Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150, 1158 (S.D.N.Y.1996).

      In the event this case is not dismissed based upon the first-filed rule, USANA further intends to move in the alternative for this case to be transferred to the District of Utah pursuant to 28 U.S.C. § 1404(a). Section 1404(a) requires transfer to the District of Utah as this case could have originally been filed in Utah and the relevant convenience factors support transfer to Utah. *See Freeplay Music, LLC v. Gibson Brands, Inc.,* 195 F.Supp.3d 613, 616 (S.D.N.Y. 2016). Conversely, none of the factors support

ATTORNEYS AT LAW
www.kmclaw.com

Kirton McConkie Building, 50 East South Temple, Salt Lake City, UT 84111    801.328.3600 *tel*   801.321.4893 *fax*
1800 World Trade Center, 60 East South Temple, Salt Lake City, UT 84111    801.328.3600 *tel*   801.321.4893 *fax*
Thanksgiving Park Four, 2600 W. Executive Parkway, Ste. 400, Lehi, UT 84043    801.426.2100 *tel*   801.426.2101 *fax*

Honorable Judge John G. Koeltl
May 31, 2017
Page 2
_____

keeping the case in New York. Importantly, DevPat is a Swedish entity with no apparent ties to this district other than its counsel being located in Manhattan.

In the alternative that this case is not dismissed or transferred to the District of Utah, USANA intends to move the Court to stay this action pursuant to the "bright-lined" rule articulated in the Second Circuit that the court where the first case was filed should determine which forum will hear the case. *See MSK Ins. Ltd. v. Employer Reinsurance Corp.*, 212 F.Supp.2d 266, 267 (S.D.N.Y. 2002). As such, at a minimum, this matter should be stayed until the District of Utah determines if it will hear the case.

In view of the foregoing, USANA respectfully requests that the Court set a pre-motion conference on USANA's forthcoming motion to dismiss. USANA further understands that this letter satisfies and otherwise tolls the deadline to file the motion to dismiss pending completion of the pre-motion conference. To the extent USANA's understanding is not correct, and out of an abundance of caution, USANA respectfully moves the Court for an extension of the deadline to file its motion to dismiss until after the pre-motion conference has been held.

For the foregoing reasons, USANA respectfully requests an in-person pre-motion conference.

Respectfully,

KIRTON McCONKIE

JAMES T. BURTON
(*motion for pro hac vice admission pending*)


COLLEN IP

s/ Jeffrey A. Lindenbaum

Jeffrey A. Lindenbaum (JL-1971)


cc: Counsel for Plaintiff (via ECF)

ATTORNEYS AT LAW | Kirton McConkie Building, 50 East South Temple, Salt Lake City, UT 84111 | 801.328.3600 *tel* 801.321.4893 *fax*
www.kmclaw.com | 1800 World Trade Center, 60 East South Temple, Salt Lake City, UT 84111 | 801.328.3600 *tel* 801.321.4893 *fax*
Thanksgiving Park Four, 2600 W. Executive Parkway, Ste. 400, Lehi, UT 84043 | 801.426.2100 *tel* 801.426.2101 *fax*