UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
DEVPAT AB,

                   Plaintiff,

     v.

USANA HEALTH SCIENCES, INC.,

                   Defendant.
------------------------------------------------------------X

Civ. Action No.: 17-cv-2858

## JOINT PROPOSED SCHEDULING ORDER AND DISCOVERY PLAN

1. **Party Conference and Discovery/Motion Status Update**:

Pursuant to the Court's order dated June 27, 2018 (D.I. 31), the have parties met and conferred and jointly submit the following proposed scheduling order and discovery plan.

In view of the Court's June 27 Order and the impending motion to dismiss/transfer, Plaintiff DevPat served requests for production of documents and interrogatories concerning the personal jurisdiction and venue issues that were the subjects of Defendant USANA's proposed motions to dismiss/transfer, on June 28 and June 29, 2018, respectively.[1] DevPat requested and USANA agreed to provide the requested discovery (e.g., Interrogatory Nos. 1 and 3-5 and Rule 34 RFPs 1-2, 4, 6-7, 12-13, 15-17, 20 and 24) within two (2) weeks of this date of this filing (on an outside counsel's eyes only basis) so that such information can be considered by the Court in connection with Plaintiff's opposition papers.[2]

---

[1] Plaintiff DevPat also asked Defendant to confirm whether they will be: representing USANA's New York-based "Trusted Partner" Dr. Oz/*The Dr. Oz Show* (D.I. 1, e.g., at ¶ 7 and 34), collecting responsive documents from them, and/or will accept discovery requests/subpoenas on their behalf. Counsel for USANA's response was only that they are not in a position to accept a subpoena on behalf of Dr. Oz.

[2] USANA requested that DevPat agree to reciprocate and provide expedited responses to its forthcoming discovery requests related to the 28 U.S.C. § 1404 venue transfer factors as such information will likely be relevant to the determination of USANA's already-filed Motion to Dismiss or, in the Alternative, Motion to Transfer, and USANA wanted the opportunity to cite to

In response, USANA informed DevPat on July 2 that it will not be moving to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.

2. **Proposed Discovery Schedule**:

| | |
|---|---|
| Estimated Length of Time for Trial | 5 days |
| Initial Disclosures | 7/20/18 |
| Joinder of additional parties by | 11/01/18 |
| Amend the pleadings by | 11/01/18 |
| Close of fact discovery | 01/18/19 |
| Rule 26 Opening Expert Reports | 02/15/19 |
| Rule 26 Rebuttal Expert Reports | 03/15/19 |
| All motions other than summary judgment by | To be determined |
| Expert depositions by | 3/29/19 |
| Dispositive Motions by | 4/19/19 |
| Trial | To be determined |

3. **Proposed Discovery Plan:**

The parties will complete the initial disclosures required by Rule 26(a)(1) by July 20, 2018. The parties have proposed dates for the conclusion of factual and expert discovery in Section 2, above. The parties agree that Honorable John G. Koeltl will preside over any disputes with respect to discovery.

a) Depositions.

The parties agree that Rule 30 of the Federal Rules of Civil Procedure will govern depositions.

b) Expert Discovery

---

any relevant discovery response, if needed, in its forthcoming reply brief due on August 3, 2018 DevPat informed USANA that it was unable to respond until after it had an opportunity to review the motion that was filed late this evening, as well as the allegedly forthcoming requests which have not yet been served.

The parties anticipate identifying experts and topics for expert discovery in accordance with the scheduling order the Federal Rules of Civil Procedure

      c) <u>Production of Electronically Stored Information.</u>

The parties are in the process of negotiating a Joint Electronic Discovery Submission and Proposed Order, as well as a proposed Rule 26(c) Protective Order.

      d) <u>Discovery Requests</u>

The parties will proceed in accordance with the limitations set forth in the Federal Rules of Civil Procedure as to the number of discovery requests permitted from each party.

      f) <u>Non-Party Discovery</u>

      1.    Contact with Subpoenaed Non-Parties:

Each party must provide the other party, by electronic mail directed to all counsel of record, with: (1) a written record of any oral or written modifications to the subpoena, within three (3) business days of the modification; and (2) notice that the party has received any documents or data from the non-party in response to the subpoena, within three (3) business days of receipt. The parties agree that copies of such documents and data will be made available to the other party at such other party's cost.

      2.    Foreign Documents and Witnesses

Plaintiff and its employees and custodians are located in the Sweden; as a result, Plaintiff asserts that the strictures and requirements of the EU Data Protection Directive 95/46/EC and the Swedish Privacy and Secrecy Act and Personal Data Act will more than likely apply to the processing and transfer of Plaintiff's documents and other electronically-stored information to the United States for use in these proceedings. In addition, Plaintiff anticipates that any appropriate confidentiality agreement and stipulated protective order in this action will incorporate requirements of the EU Directive and the Swedish Privacy and Secrecy Act and

Personal Data Act.  Such protective order to be submitted may also include privilege protections under Federal Rule of Evidence 502.

      g) <u>Additional Discovery Issues</u>

Except as described above, the parties do not anticipate requiring discovery phases, limitations on types of discovery beyond those in the Rules, limitations on timing and sequence of discovery, limitations on restoration of electronically-stored information, limitations on scope of discovery, or preservation depositions.


Dated: July 3, 2018

| By: | */s/ Richard C. Pettus* | By: | _____ |
|---|---|---|---|
| | Richard C. Pettus | | Jeffrey A. Lindenbaum |
| | Masahiro Noda | | COLLEN IP |
| | Brooke E. Hazan | | The Holyoke-Manhattan Building |
| | Elana B. Araj | | 80 South Highland Ave. |
| | GREENBERG TRAURIG | | Ossining, NY 10562 |
| | 200 Park Avenue, 38th Floor | | Telephone: (914) 941-5668 |
| | New York, NY 10166 | | Facsimile: (914) 941-6091 |
| | Telephone: (212) 801-9200 | | |
| | Facsimile: (212) 801-6400 | | James T. Burton |
| | | | Joshua S. Rupp |
| | *Attorneys for Plaintiff* | | Adam M. Kaas |
| | *DevPat AB* | | KIRTON McCONKIE |
| | | | Key Bank Tower |
| | | | 36 S. State Street |
| | | | Suite 1900 |
| | | | Salt Lake City, UT 84111 |
| | | | Telephone: (801) 328-3600 |
| | | | Facsimile: (801) 212-2116 |
| | | | |
| | | | *Attorneys for Defendant* |
| | | | *USANA Health Sciences, Inc.* |