# EXHIBIT 1

JAMES T. BURTON (Utah Bar No. 11875)*
jburton@kmclaw.com
JOSHUA S. RUPP (Utah Bar No. 12647)*
jrupp@kmclaw.com
**KIRTON │ McCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
\* Admitted *Pro Hac Vice*

JEFFREY A. LINDENBAUM (JL-1971)
jlindenbaum@collenip.com
**COLLEN IP**
The Holyoke-Manhattan Bldg.
80 South Highland Avenue
Ossining, NY 10562
Telephone:  (914) 941-5668
Facsimile:  (914) 941-6091

*Attorneys for Defendant
Usana Health Sciences, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE)**

| | |
|---|---|
| DEVPAT AB<br><br>      Plaintiff,<br>vs.<br><br>USANA HEALTH SCIENCES, INC.<br><br>      Defendants. | Case No. 1:17-cv-2858 (JGK) (KHP)<br><br>**USANA HEALTH SCIENCES, INC.'S FIRST SET OF WRITTEN DISCOVERY TO DEVPAT AB**<br><br>Judge John G. Koeltl |

Pursuant to Rules 26(b), 33, and 34 of the Federal Rules of Civil Procedure, Defendant USANA Health Sciences, Inc. ("USANA") submits the following interrogatories and requests for production of documents to Defendant DevPat AB ("DevPat").

1

**INSTRUCTIONS**

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, DevPat shall provide written responses to each of the following interrogatories and requests for production within thirty (30) days of service hereof. Each of the discovery requests set forth herein shall be considered continuing thereby requiring DevPat to amend and supplement its responses if such becomes necessary during the course of discovery in this case. *See* Fed. R. Civ. P. 26(e).

The terms used in these Discovery Requests shall be defined and construed broadly so as to elicit the broadest disclosure of information and full responses to each of the requests. As used in these Discovery Requests, the following terms are given the following meanings:

1. The terms " "You," "Your," "Plaintiff," and "DevPat" mean the Plaintiff in this matter—DevPat AB—including, but not limited to, all persons or entities acting or purporting to act as the agent or other representative of or on behalf of DevPat, including, but not limited to, its officers, directors, shareholders, employees, principals, owners, parent companies, affiliates, subsidiaries, DBAs, investigators, attorneys, accountants, partners, or any other representative or agent.

2. The term "DevPat Shake Products" is defined as DebPat's shake related products bearing one or more of the U.S. Trademark Registration Nos. 4,199,080, 4,871,259, or 4,929,699.

3. The term "Person" shall be deemed to mean in the plural, as well as in the singular, any natural person, firm, company, association, partnership, proprietorship, corporation, or other form of legal entity.

4. The term "communications" means any exchange or transfer of information in the form of facts, ideas, inquiries, or otherwise, whether written, oral, electronic, or in any other form.

5. The terms "document" and "documents" have the same meaning as set forth in Rule 34(a) of the Federal Rules of Civil Procedure and specifically include the original, or absent any original, a copy, drafts, communications, letters, written materials, reports, records, advertising circulars, advertisements, brochures, bulletins, newsletters, flyers, personal calendars and diaries, minutes, contracts, agreements, memoranda, forecasts, invoices, or electronic recordings of telephonic or personal communications, tape recordings, films, negatives, stenographic notes, other data or information compilations from which information can be obtained, and any written, printed, recorded, or tangible matter of any character in the possession, custody, or control of you, your attorneys, agents, or other persons, companies, or entities under your control.

6. The terms "relate to" or "relating to" mean to consist of, constitute, contain, refer to, evidence, reflect, or be in any way logically or factually connected with the matter discussed.

7. The terms "include" and "including" shall be construed to mean "without limitation" so as to be as inclusive as possible.

8. The terms "and" as well as "or" are intended to have both conjunctive and disjunctive meanings in order for those terms to be as inclusive as possible.

9. The terms "any" and "all" shall each be construed to mean "each and every," so as to be as inclusive as possible.

10. In answering, please furnish all information available to you, including all information in the possession of your attorneys or their investigators or in the possession of your advisors, accountants, agents, or representatives.

11. If you are unable to respond to any request fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so because the subject matter is privileged or otherwise unavailable, please so state, respond to each such request to the extent possible, specify the portion of such request that you claim you are unable to answer fully and completely, state the facts on which you rely to support your contention that you are unable to respond to that request fully and completely, and state what knowledge, information and belief you have concerning the unanswered portion of each such request.

12. Whenever a discovery request calls for the identification or production of a document and if such document was but is no longer in your possession or subject to your control and has been lost or destroyed, please furnish the following information:

    a. Describes in detail the nature of the document and its contents;

    b. Identifies the person who prepared or authored the document and, if applicable, the person to whom the document was sent;

    c. Specifies the date on which the document was prepared or transmitted or both;

    d. Specifies what disposition was made of the document, the date when such disposition was made, and the identity of the persons, if any, now having custody of the document; and

e. Specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

13. If any discovery request is objected to by a claim of privilege, you are directed to identify the document, communication, or other information that is withheld by the claim of privilege, state the general subject matter of the document, communication, or other information withheld, and state the privileged claimed. In addition, if you withhold from production any document on the ground that it is protected by any privilege or by the work product doctrine, please furnish the following information:

    a. Date of document;

    b. Author(s);

    c. Addressee(s);

    d. Persons who received copies;

    e. Title of file in which the document was contained;

    f. Name of person who prepared and maintained the file(s);

    g. Subject of document; and

    h. Nature of privileged claimed.

## INTERROGATORIES

1. Identify each witness that you anticipate to call in this matter that resides within the boundaries of the Southern District of New York.

2. Identify by name and address all DevPat officers, directors, and employees who may be called as witnesses in this case.

3. Identify with particularity all documents or evidence related to this case that you believe to be located within the boundaries of the Southern District of New York.

4. Identify all facts related to this case that you believe occurred within the boundaries of the Southern District of New York or that you believe are in any way related to the Southern District of New York.

5. Identify and describe any property (real or personal) or assets DevPat owns, leases, and/or controls that is/are located in Southern District of New York.

## REQUESTS FOR PRODUCTION

1. Produce all documents and correspondence relating to actual sales of DevPat Shake Products into the boundaries of the Southern District of New York.

2. Produce all documents relating to DevPat's corporate formation.

3. Produce all documents sufficient to identify the identity and residence of the caller referred to in Paragraph 35 of the Complaint.

4. For any property or assets identified in response to Interrogatory No. 5 above, please produce all associated documentation, including, but not limited to, lease agreements, contracts, agreements, and so forth.

5. Produce any and all licenses of DevPat to do or transact business within the Southern District on New York or the State of New York.

DATED this 9th day of July, 2018.

**KIRTON McCONKIE**

By: */s/ James T. Burton*
    James T. Burton
    Joshua S. Rupp
    *Attorneys for Defendant*
    *Usana Health Sciences, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of July, 2018, I caused a copy of the foregoing be served on all counsel of record (as indicated below) by the method indicated:

| | |
|---|---|
| Richard C. Pettus<br>**GREENBERG TAURIG LLP**<br>200 Park Avenue, 38th Floor<br>New York, NY 10166<br>Telephone: (212) 801-9200 | [ ] Electronic Mail<br>[ ] U.S. Mail, postage prepaid<br>[ ] Hand-Delivered<br>[ ] Overnight Mail<br>[ ] Facsimile: (208) 232-0150<br>[X] CM/ECF |

*/s/ James T. Burton*