# EXHIBIT 2

JAMES T. BURTON (Utah Bar No. 11875)*
jburton@kmclaw.com
JOSHUA S. RUPP (Utah Bar No. 12647)*
jrupp@kmclaw.com
**KIRTON | McCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
* Admitted *Pro Hac Vice*

JEFFREY A. LINDENBAUM (JL-1971)
jlindenbaum@collenip.com
**COLLEN IP**
The Holyoke-Manhattan Bldg.
80 South Highland Avenue
Ossining, NY 10562
Telephone: (914) 941-5668
Facsimile: (914) 941-6091

*Attorneys for Defendant
USANA Health Sciences, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE)**

| | |
|---|---|
| DEVPAT AB<br><br>    Plaintiff,<br>vs.<br><br>USANA HEALTH SCIENCES, INC.<br><br>    Defendant. | Case No. 1:17-cv-2858 (JGK) (KHP)<br><br>**DEFENDANT'S RESPONSE TO FIRST SET OF INTERROGATORIES (NOS. 1-8)**<br><br>Judge John G. Koeltl |

Pursuant to Rule 26 and 33 of the Federal Rule of Civil Procedure, USANA Health Sciences, Inc. ("USANA") hereby responds in writing to Plaintiff DevPat, AB's ("DevPat"), First Set of Interrogatories ("Interrogatories" and individually "Interrogatory").

**GENERAL OBJECTIONS TO ALL INTERROGATORIES**

The following "General Objections" are hereby made to each and every one of Defendants' Interrogatories. More specifically, each General Objection, to the fullest extent applicable, is hereby incorporated into each and every specifically enumerate objection and response set forth below, as though fully set forth therein, and in addition to any specific objections stated. Each of USANA's specifically enumerate responses are made without waiver of these General Objections and these General Objections are incorporated therein without waiver of any specific objection.

1. These objections and responses are made solely for purposes of the above-captioned action. Each response is given subject to the specific objections set forth below and all appropriate General Objections with all objections reserved and subject to interposition at the time of trial.

2. Discovery is on-going in this matter. As such, USANA has not completed its investigation or analysis of the facts relating to this action nor has it completed its preparation for trial. Accordingly, the following objections and responses are given without prejudice to USANA's right to produce, disclose, or use, at some later date, subsequently discovered evidence. USANA further reserves the right to amend or supplement these objections and responses at any time.

3. USANA objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, information prepared in anticipation

of litigation or prosecution of this action or any other action, or containing the mental impressions, conclusions, opinions or legal theories of any attorney or other legal representative of USANA or any other applicable privilege, immunity, and/or protection available under law. To the extent any Interrogatory can be construed to seek such information, USANA objects and will provide only non-privileged and non-immune information.

4. USANA objects to each Interrogatory to the extent it seeks to impose a duty upon it beyond that required by the Federal Rules of Civil Procedure.

5. USANA objects to each Interrogatory to the extent it seeks information that is overly broad and/or unduly burdensome.

6. USANA objects to each Interrogatory to the extent it is compound and/or contains multiple parts and/or subparts. USANA reserves the right to count, and does count, each part and/or subpart as an individual interrogatory against the total number of interrogatories Defendants is permitted to propound under Federal Rule of Civil Procedure 33 or any applicable discovery and/or scheduling order. To the extent Defendants has exceeded the total number of interrogatories authorized, USANA reserves the right not to answer any of Defendants' Interrogatories until they are appropriately limited. Any answers provided below are given subject to this objection and are made without waiver of this objection.

7. USANA objects to each Interrogatory to the extent it seeks information that is vague and/or ambiguous.

8. USANA objects to each Interrogatory to the extent it seeks information that is irrelevant, inadmissible, and/or not reasonably calculated to lead to the discovery of admissible evidence.

9. USANA objects to each Interrogatory to the extent it calls for a legal conclusion.

10. USANA objects to each Interrogatory to the extent it seeks information that is publicly available, can be obtained from another source or discovery mechanism that is more convenient, less burdensome, and/or less expensive, or that is already in the possession of Defendants.

11. USANA objects to each Interrogatory to the extent it is cumulative and/or duplicative of other discovery already propounded.

12. USANA objects to each Interrogatory to the extent it seeks information outside of the possession, custody, and/or control of USANA.

13. USANA objects to each Interrogatory to the extent it is premature.

14. USANA objects to each Interrogatory to the extent it is prematurely targeted at the opinions of expert witnesses and/or ongoing expert discovery.

15. USANA objects to each Interrogatory to the extent it calls for or seeks confidential or proprietary information, or other information, documents or materials subject to protection from disclosure. USANA will only produce such information and/or documents, if at all, pursuant to the Standard Protective Order agree upon by the parties and according to the designations authorized therein.

16. USANA objects to each Interrogatory to the extent it relies on undefined words, terms, or phrases.

17. USANA objects to each Interrogatory to the extent is seeks information regarding USANA's products that are not the subject of this litigation.

18. USANA objects to each Interrogatory to the extent it seeks information and or documents related to the entire state of New York rather than just the Southern District of New York.

19. USANA will respond to each Interrogatory, if at all, based upon USANA's understanding of what is being requested and/or the facial scope of the Interrogatory. USANA expressly reserves the right to amend its response to any Interrogatory at any time to the extent USANA's understanding was mistaken.

## DEFINITIONS OF SPECIFIC OBJECTIONS

As used in the objections below, the following terms include objections based upon their respective definitions:

A. "Vague and ambiguous" is defined to mean: USANA objects on the basis that the Interrogatory is not drafted with sufficient precision to enable USANA to draft a reasonable response.

B. "Overbroad" is defined to mean: USANA objects on the basis that the Interrogatory calls for an expansive potential breadth of information or documents that is unreasonable in scope and parameter.

C. "Irrelevant" is defined to mean: USANA objects on the basis that the Interrogatory calls for information or production of documents irrelevant to the subject matter of this action and/or not reasonably calculated to lead to the discovery of admissible evidence.

D. "Duplicative" is defined to mean: USANA objects on the basis that the Interrogatory calls for disclosure of information or production of documents that is cumulative or duplicative of other discovery.

E. "Burdensome" is defined to mean: USANA objects on the basis that the Interrogatory is so broad and uncertain that it creates an unreasonable and undue burden. Burdensome is also defined to mean that USANA objects to the Interrogatory because the

information or documents sought is/are more readily obtainable through other, more convenient, less burdensome, and less expensive sources, including public sources, or discovery procedures.

F. "Privileged" is defined to mean: USANA objects on the basis that the Interrogatory calls for information or documents (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions, or legal theories of counsel; (4) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

G. The phrase "Subject to the foregoing general and specific objections," or words having similar effect, is defined to mean: Notwithstanding the fact that USANA will produce certain information in response to a Interrogatory, information or documents sought by the Interrogatory that is/are covered by either a specific or general objections may not be disclosed or produced.

H. The phrase "will produce responsive, non-privileged documents from which responsive information to this Interrogatory may be obtained" does not mean that responsive documents or other information actually exist.

## INTERROGATORIES

**INTERROGATORY NO. 1** Identify the names, titles and roles of all employees of USANA and The Dr. Oz Show who have responsibility for carrying out the Agreement(s) involving USANA and The Dr. Oz Show, including but not limited to the advertising and promotion of USANA's products, and specifically the advertising and promotion of USANA's Shake Products.

**THIS RESPONSE IS HEREBY DESIGNATED AS ATTORNEYS' EYES ONLY**

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████

██████████████████████████
██████████████████████████
███████████████████████████████
█████████████████████████████████████
██████████████████████████████
███████████████████████
█████████████████████████████
███████████████████████████████████
█████████████████████████████████████████
█████████████████████████████████████████
███████████████████████
███████████████████████████████████
█████████████████████████

**INTERROGATORY NO. 2** Identify all employees, agents, distributors, and customers of USANA, and/or any other third parties with whom You have an Agreement, that are or have been located in New York within the last five years (i.e., since a January 2012).

**THIS RESPONSE IS HEREBY DESIGNATED AS ATTORNEYS' EYES ONLY**

█████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

[REDACTED]

**INTERROGATORY NO. 3** Identify all third parties (and the locations of their businesses and/or residences) from whom either You or The Dr. Oz Show have received an inquiry, comment, feedback, review and/or complaint regarding a USANA Shake Product.

**RESPONSE:** In addition to the general objections above, USANA specifically objects to this Interrogatory on the grounds that it is irrelevant. USANA further objects to this Interrogatory as it is overbroad and unduly burdensome. USANA further objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the words "inquiry, comment, feedback, review and/or complaint." USANA further objects to this Interrogatory to the extent that it seeks information that is publically available and/or not in the possession or control of USANA. Subject to the foregoing general and specific objections, USANA responds as follows: *See* documents bates numbered USANA002119, 002132, 002181, 002186, 002195, 002234, 002235, 002284, 002289, 002290, 002629, 002630, 002631, 002632, 002642, 002753, 002887, 002888, 004342-004387, and 004427-004432 produced concurrently herewith.

**INTERROGATORY NO. 4** Identify by name and address (and any other available contact information), all individuals who participated in and/or entered into the Dr. Oz Sweepstakes (*see, e.g.,* D.I. 1 at paras. 7 and 34) relating to the USANA Shake Products.

**RESPONSE:** In addition to the general objections above, USANA specifically objects to this Interrogatory on the grounds that it is irrelevant. USANA further objects to this Interrogatory as it is overbroad and unduly burdensome. USANA further objects to this Interrogatory to the extent that it seeks information that is not in the possession of control of USANA or is otherwise publically available. USANA further objects to this Interrogatory on the grounds that it seeks confidential information. USANA further objects to this Interrogatory on the grounds that it is vague and ambiguous in its use of the words "participated in and/or entered." Subject to the foregoing general and specific objections, USANA responds as follows: *See* documents bates numbered USANA001308-001310 produced concurrently herewith.

**INTERROGATORY NO. 5** Identify all individuals (including their job titles and employers) who have travelled to/from New York within the last five years in connection with the business interests of USANA, and the business purpose(s) of each such trip, including but not limited to all employees of USANA, and specifically all employees of USANA who have travelled to New York in connection with The Dr. Oz Show business relationship.

**THIS RESPONSE IS HEREBY DESIGNATED AS ATTORNEYS' EYES ONLY**

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████
████████████████████
████████████████████
████████████



**INTERROGATORY NO. 6** Identify the individual(s) at USANA, including in-house and outside counsel for USANA, who first became aware of the DevPat SmartShake products and the Asserted Trademarks, and who were responsible for evaluating/clearing the Asserted Trademarks prior to launch of the USANA Shake Products.

**RESPONSE:** In addition to the general objections above, USANA specifically objects to this Interrogatory on the grounds that it is compound. USANA further objects to this Interrogatory as seeking information covered by the attorney-client and/or work product privileges. USANA further objects to this Interrogatory as it is vague and ambiguous in its request for those "who first became aware." USANA further objects to this Interrogatory on the grounds that it assumes that USANA was aware of the DevPat shake products prior to USANA launching its Shake Products. Subject to the foregoing general and specific objections, USANA responds as follows: Kevin McMurray and/or Tom Fourt were the first individuals to learn of the DevPat SmartShake.

**INTERROGATORY NO. 7** Identify all individuals involved in the design of the accused packaging of the USANA Shake Products, and its re-design, including the decision(s) to change the accused packaging (*see, e.g.,* Utah Lawsuit Exs. I and J to DevPat's Motion to

Dismiss), and to subsequently continue to sell USANA's Shake Products using the accused packaging.

**THIS RESPONSE IS HEREBY DESIGNATED AS ATTORNEYS' EYES ONLY**

[redacted]

**INTERROGATORY NO. 8** Identify the individual(s) at USANA who made the decision(s) to discontinue negotiations with DevPat and to file the Utah Lawsuit.

**RESPONSE:** In addition to the general objections above, USANA specifically objects to this Interrogatory on the grounds that it is irrelevant. USANA further objects to this Interrogatory as seeking information covered by the attorney-client and/or work product privileges.

DATED this 17th day of July, 2018.

        **KIRTON McCONKIE**

        By: */s/ James T. Burton*
         James T. Burton
         Joshua S. Rupp
         *Attorneys for Defendant*

## VERIFICATION FOR INTERROGATORIES

I hereby certify on this 17th day of July, 2018, that I have read the foregoing interrogatory responses and that the factual statements contained therein are true to the best of my knowledge.

By: /s/ Patrique Richards (with permission)
Signed by James Burton with permission of Patrique Richards

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of July, 2018, I caused a true and correct copy of the foregoing be served on all counsel of record by electronic mail.

/s/ James T. Burton