# Exhibit 1

JAMES T. BURTON (Utah Bar No. 11875)*
*jburton@kmclaw.com*
JOSHUA S. RUPP (Utah Bar No. 12647)*
*jrupp@kmclaw.com*
**KIRTON | McCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
* Admitted *Pro Hac Vice*

JEFFREY A. LINDENBAUM (JL-1971)
*jlindenbaum@collenip.com*
**COLLEN IP**
The Holyoke-Manhattan Bldg.
80 South Highland Avenue
Ossining, NY 10562
Telephone:  (914) 941-5668
Facsimile:  (914) 941-6091

*Attorneys for Defendant*
*USANA Health Sciences, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK (FOLEY SQUARE)

| | |
|---|---|
| DEVPAT AB <br><br> Plaintiff, <br><br> v. <br><br> USANA HEALTH SCIENCES, INC. <br><br> Defendant. | Case No. 1:17-cv-2858-JGK-KHP <br><br> **DEFENDANT USANA HEALTH SCIENCES, INC.'S COMBINED AMENDED RESPONSES TO (A) PLAINTIFF DEVPAT AB'S SECOND SET OF INTERROGATORIES (NOS. 9-11) AND (B) THIRD SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS (NOS. 123-138)** <br><br> Judge John G. Koeltl <br><br> Magistrate Judge Katherine H. Parker |

Pursuant to Rules 26, 33 ("Rule 33") and 34 ("Rule 34") of the Federal Rule of Civil Procedure, Defendant USANA Health Sciences, Inc. ("USANA" or "Defendant") hereby respectfully provides these amended objections, responses, and/or answers, in writing, to Plaintiff DevPat, AB's ("DevPat" or "Plaintiff") (A) Second Set of Interrogatories ("Interrogatories" and individually "Interrogatory") to USANA (Nos. 9-11)[1] and (B) Third Set of Requests for the Production of Documents and Things ("RFP(s)") to USANA (Nos. 123-138) (collectively, "Requests"), both of which were served on USANA on October 11, 2018.

## GENERAL OBJECTIONS TO ALL REQUESTS

The following "General Objections" are hereby made to each and every one of DevPat's Requests. More specifically, each General Objection, to the fullest extent applicable, is hereby incorporated into each and every specifically enumerate objection and response to the Requests set forth below, as though fully set forth therein, and in addition to any specific objections stated. Each of USANA's specifically enumerate responses are made without waiver of these General Objections and these General Objections are incorporated therein without waiver of any specific objection.

1.      These objections and responses are made solely for purposes of the above-captioned action. Each response is given subject to the specific objections set forth below and all appropriate General Objections with all objections reserved and subject to interposition at the time of trial.

2.      Discovery is on-going in this matter. As such, USANA has not completed its investigation or analysis of the facts relating to this action nor has it completed its preparation for trial. Accordingly, the following objections and responses are given without prejudice to USANA's right to produce, disclose, or use, at some later date, subsequently discovered

---

[1] Based on correspondence among counsel, USANA understands that DevPat's Second Set of Interrogatories were inadvertently mis-numbered "22-24." Having addressed this issue in correspondence, USANA responds to Interrogatory Nos. 9-11 (originally mis-numbered 22-24, respectively) herein as though they were numbered 9-11 to begin with.

evidence, particularly evidence within DevPat's possession, custody, or control. USANA further reserves the right to amend or supplement these objections and responses at any time.

     3.     USANA objects to each Request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, information prepared in anticipation of litigation or prosecution of this action or any other action, or containing the mental impressions, conclusions, opinions or legal theories of any attorney or other legal representative of USANA or any other applicable privilege, immunity, and/or protection available under law. To the extent any Request can be construed to seek such information, USANA objects and will provide only non-privileged and non-immune information.

     4.     USANA objects to each Request to the extent it seeks to impose a duty upon USANA beyond that required by the Federal Rules of Civil Procedure.

     5.     USANA objects to each Request to the extent it seeks information that is overly broad and/or unduly burdensome.

     6.     USANA objects to each Interrogatory and/or RFP to the extent it is compound and/or contains multiple parts and/or subparts. Pursuant to the limitations of Rule 33, USANA reserves the right to count, and does count, each part and/or subpart as an individual Interrogatory against the total number of Interrogatories DevPat is permitted to propound under Rule 33 or any applicable discovery and/or scheduling order. To the extent DevPat has exceeded the total number of Interrogatories authorized, USANA reserves the right not to answer any of DevPat's Interrogatories until they are appropriately limited. Any answers provided below are given subject to this objection and are made without waiver of this objection.

     7.     USANA objects to each Request to the extent it seeks information that is vague and/or ambiguous.

     8.     USANA objects to each Request to the extent it seeks information that is irrelevant, inadmissible, and/or not reasonably calculated to lead to the discovery of admissible evidence.

3

9.      USANA objects to each Request to the extent the discovery sought is not proportional to the needs of the above-captioned case.

10.     USANA objects to each Request to the extent it calls for a legal conclusion.

11.     USANA objects to each Request to the extent it seeks information that is publicly available, can be obtained from another source or discovery mechanism that is more convenient, less burdensome, and/or less expensive, or that is already in the possession of DevPat.

12.     USANA objects to each Request to the extent it is cumulative and/or duplicative of other discovery already propounded.

13.     USANA objects to each Request to the extent it seeks information outside of the possession, custody, and/or control of USANA.

14.     USANA objects to each Request to the extent it is premature.

15.     USANA objects to each Request to the extent it is prematurely targeted at the opinions of expert witnesses and/or ongoing expert discovery.

16.     USANA objects to each Request to the extent it calls for or seeks confidential or proprietary information, or other information, documents or materials subject to protection from disclosure. USANA will only produce such information and/or documents, if at all, pursuant to the Stipulated Protective Order (docket no. 42) and according to the designations authorized therein.

17.     USANA objects to each Request to the extent it relies on undefined words, terms, or phrases.

18.     USANA objects to each Request to the extent is seeks information regarding USANA's products that are not the subject of this litigation.

19.     USANA objects to each Request to the extent it seeks information and or documents related to the entire state of New York rather than just the Southern District of New York.

20.     USANA object to Interrogatory to the extent it exceeds the limits of Local Civil Rule 33.3.

21.    Any response to a Request indicating that documents and/or information will be produced, or words having similar effect, is not to be construed as an admission that documents or information responsive to the specific Request actually exist(s).

22.    USANA will respond to each Request, if at all, based upon USANA's understanding of what is being requested and/or the facial scope of the Request. USANA expressly reserves the right to amend its response to any Request at any time to the extent USANA's understanding was mistaken.

23.    USANA hereby incorporates any and all objections to the definitions and/or instructions set forth within USANA's prior responses to DevPat's (A) First Set of Requests for the Production of Documents and Things, (B) Second Set of Requests for the Production of Documents and Things, and (C) First Set of Interrogatories.

24.    USANA objects to DevPat's definition of "USANA Shake Product" inasmuch as it encompasses both products bearing the accused trademark at issue in this action as well as products bearing one or more trademarks which are not at issue in this action and for which DevPat has covenanted not to sue USANA. USANA will not answer any Requests with respect to products which are either not at issue in this action or for which DevPat has covenanted not to sue USANA. USANA further objects to DevPat's definition of "USANA Shake Product" inasmuch as it encompasses products marketed, offered for sale, sold, or transmitted in packaging or materials which do not bear the accused trademark.

25.    USANA objects to DevPat's definition of "Inventory List" inasmuch as the so-called "list" was seemingly compiled by DevPat (Bates labeled DEVPAT 0000650) and has neither been authenticated nor verified and the source of the information provided in Exhibit 1 to DevPat's RFPs is unknown. DevPat has subsequently represented that the source of Exhibit 1, DEVPAT 0000650, was USANA004085. To the extent there are any differences between DEVPAT 0000650 and USANA004085, USANA's subsequent responses to each Request are based on USANA004085.

26.     USANA objects to DevPat's Exhibit 2 to the RFPs where the alleged website materials have not been authenticated or verified and the pages thereof bear no production numbers.

## DEFINITIONS OF SPECIFIC OBJECTIONS

As used in the objections below, the following terms are defined as follows:

A.      "Vague and ambiguous" is defined to mean: USANA objects on the basis that the Request is not drafted with sufficient precision to enable USANA to draft a reasonable response.

B.      "Overbroad" is defined to mean: USANA objects on the basis that the Request calls for an expansive potential breadth of information or documents that is unreasonable in scope, parameter and/or time.

C.      "Irrelevant" is defined to mean: USANA objects on the basis that the Request calls for information or production of documents irrelevant to the subject matter of this action, not reasonably calculated to lead to the discovery of admissible evidence, and/or not proportional to the needs of this case.

D.      "Duplicative" is defined to mean: USANA objects on the basis that the Request calls for disclosure of information or production of documents that is/are cumulative or duplicative of other discovery.

E.      "Burdensome" is defined to mean: USANA objects on the basis that the Request is so broad and uncertain that it creates an unreasonable and undue burden. Burdensome is also defined to mean that USANA objects to the Request because the information or documents sought is/are more readily obtainable through other, more convenient, less burdensome, and less expensive sources, including public sources, or discovery procedures.

F.      "Privileged" is defined to mean: USANA objects on the basis that the Request calls for information or documents (1) protected by the attorney-client privilege; (2) protected by the work-product doctrine; (3) protected because it consists, in whole or in part, of trial preparation materials and/or contains mental impressions, conclusions, opinions, or legal theories

of counsel; (4) otherwise protected under Rule 26 of the Federal Rules of Civil Procedure; and/or (5) protected under any other valid privilege.

G.      The phrase "subject to the foregoing general and specific objections," or words having similar effect, is defined to mean: Notwithstanding the fact that USANA will produce certain information in response to a Request, information or documents sought by the Request that is/are covered by either a specific or general objections may not be disclosed or produced.

H.      The phrase "will produce responsive, non-privileged documents from which responsive information to this Interrogatory may be obtained" does not mean that responsive documents or other information actually exist.

I.      The phrase "documents responsive to the RFP have been or will be produced" does not mean that responsive documents or other information actually exist.

J.      "Including subparts" is defined to mean: USANA objects to the Interrogatory on the basis that it includes many subparts, each representing an individual Interrogatory. USANA reserves the right to, and does, count each distinct subpart against any limitation imposed on the number of Interrogatories DevPat may serve.

### USANA'S RESPONSES TO DEVPAT'S INTERROGATORY NOS. 9-11

*INTERROGATORY NO. 9:   For each product listed in the Inventory List, identify the amount of existing inventory, the number of products which have been discarded, destroyed or given away, and provide the details of each sale of the remainder. To be complete, for each product listed in the Inventory List that has been sold, please provide the sales price for each unit sold, the date of each sale, the identity and location (country and city/town) of the purchaser, the total revenue generated by the sale of each product, the cost of goods sold for each product, the net profit generated by each such sale, and the names of the three individuals most knowledgeable concerning the same.*

**RESPONSE**:  In addition to incorporating its General Objections, USANA specifically objects to DevPat's Interrogatory No. 9 as compound and containing multiple parts and/or subparts, each of which is counted against the total number of interrogatories DevPat is allotted under Rule 33. For example, the so-called "Inventory List" itself identifies some fifty (50) separate and distinct "items," virtually all of which have "total inventories" running into the

thousands and some over 210,000. Moreover, DevPat's Interrogatory No. 9 requests multiple discrete pieces of information for each of these discrete items, potentially numbering in the millions, including existing inventory numbers, products which have been sold, products which have been destroyed, products which have been given away, details as to all individual sales, each individual sales price, the date of each sale, the identify of each purchaser, the location of the sale, the revenue generated from each sale, the costs of goods sold for each sale, the net profit generated from each sale and the names of three (3) knowledgeable witness for each and every discrete category of information. Taken together, DevPat's Interrogatory No. 9 constitutes at least thirteen (13) separate and distinct Interrogatories for each of the fifty (50) items listed. Where DevPat has exceeded the total number of Interrogatories authorized by Rule 33, USANA will not answer any of DevPat's Interrogatories until they are appropriately limited.

For the same reasons, USANA objects to DevPat's Interrogatory No. 9 as seeking to impose duties on USANA beyond those required under the Federal Rules of Civil Procedure. Likewise, USANA further objects to DevPat's Interrogatory No. 9 as grossly overbroad, unduly burdensome, and disproportionate to the needs of the case. USANA also objects to this Interrogatory as several terms are either vague and ambiguous or undefined as used within the Interrogatory and the one term which is defined, namely Inventory List, is objectionable. Specifically, in addition to incorporating USANA's objection to Inventory List, USANA objects to "existing inventory," "discarded," "destroyed," "given away," "each unit," "total revenue," "each product," and "net profit," none of which are defined. Indeed, with respect to "existing inventory," the Interrogatory does not even state a date as of when any such inventory was supposed to have existed. Regardless, this Interrogatory seeks voluminous information, some of which may not even be within USANA's possession, custody, or control, some of which is entirely irrelevant, and all of which is disproportionate to the needs to the case. Indeed, this Interrogatory seeks wholly irrelevant but extensive information, including, *inter alia*, the date of sale for millions of individual items, the identity of potentially millions of third-party consumers,

and the location of potentially millions of third-party consumers, some of which may be located outside the United States.

USANA further objects to this Interrogatory to the extent it seeks a legal conclusion as to what constitutes a "sale." USANA further objects to this Interrogatory inasmuch as DevPat created the so-called Inventory List and, therefore, is already in possession of the contents of the Inventory List as well as the underlying information DevPat ostensibly used to compile and create the Inventory List. USANA further objects to this Interrogatory as duplicative of DevPat's prior discovery requests, including, *inter alia*, RFP Nos. 4-5, 38-39, 41-44, 46-73, 75, 123-128, and 130-134. Along these same lines, USANA responds to this Interrogatory by referring DevPat to USANA's document production and written responses, if any, to the above-identified RFPs.

Finally, USANA objects to DevPat's Interrogatory No. 9 for exceeding the limits imposed under Local Civil Rule 33.3. USANA is available to meet and confer concerning this Interrogatory to the extent DevPat disagrees with any or all of these objections.

Subject to and without waiving any of the foregoing objections, and pursuant to Rule 33(d), USANA responds to Interrogatory No. 9 by referring DevPat to USANA036382 – 385.

> **INTERROGATORY NO. 10:**  *Identify each product that has been sold by USANA bearing the Infringing Mark, by name and stock keeping unit ("SKU"), including but not limited to the twelve (12) products shown on Exhibit 2 (http://www.usanahealth.net/en_US/diet.html- USANA website printout dated October 10, 2018), and provide for each such product the number of units sold, the sales price for each unit sold, the date of each sale, the identity and location (country and city/town) of the purchaser, the total revenue generated by the sale of each product, the cost of goods sold for each product, the net profit generated by each such sale, and the names of the three individuals most knowledgeable concerning the same.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's Exhibit 2, USANA specifically objects to DevPat's Interrogatory No. 10 by incorporating all of its objections and responses to Interrogatory No. 9 to the fullest extent applicable. USANA further objects to this Interrogatory inasmuch as DevPat compiled Exhibit 2 and is, therefore, already in possession of some or all of the information

9

responsive to this Interrogatory. USANA further objects to this Interrogatory inasmuch as any "SKU" information responsive to this Interrogatory is either irrelevant or disproportionate to the needs of the case. And, for the reasons discussed in response to Interrogatory No. 9, this Interrogatory as a whole is grossly overbroad, unduly burdensome, duplicative, vague and ambiguous, beyond the duties imposed under the Federal Rules of Civil Procedure, exceeds the number of Interrogatories DevPat is allotted under Rule 33, seeks legal conclusions, seeks information likely outside of USANA's possession, custody or control and/or exceeds the bounds of Local Civil Rule 33.3. Finally, USANA further objects to this Interrogatory as duplicative of DevPat's prior discovery requests, including, *inter alia*, RFP Nos. 4-5, 38-39, 41-44, 46-73, 75, and 123-138. Thus, USANA responds to this Interrogatory by referring DevPat to USANA's document production and written responses, if any, to the above-identified RFPs. USANA is available to meet and confer concerning this Interrogatory to the extent DevPat disagrees with any or all of these objections.

Subject to and without waiving any of the foregoing objections, and pursuant to Rule 33(d), USANA responds to Interrogatory No. 10 by referring DevPat to USANA036382 – 385.

> **INTERROGATORY NO. 11:** *For each of the USANA Shake Products that were offered for sale on USANA's website using depictions of product bearing the Infringing Mark (regardless of whether or not the packaging of the product that was shipped in response to such online order bore the Infringing Mark), including but not limited to the twelve (12) products shown on Exhibit 2 (http://www.usanahealth.net/en_US/diet.html - USANA website printout dated October 10, 2018),. please provide the number of units sold, the sales price for each unit sold, the date of each sale, the identity and location (country and city/town) of the purchaser, the total revenue generated by the sale of each product, the cost of goods sold for each product, the net profit generated by each such sale, and the names of the three individuals most knowledgeable concerning the same.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's Exhibit 2, USANA specifically objects to DevPat's Interrogatory No. 11 by incorporating all of its objections and responses to Interrogatory Nos. 9 and 10 to the fullest extent applicable. USANA further objects to this Interrogatory inasmuch as

the capitalized term "USANA Shake Products," in the plural, is not defined in DevPat's Requests and, to the extent this term has the same definition as "USANA Shake Product," in the singular, USANA objects to that definition as set forth in the General Objections. USANA is available to meet and confer concerning this Interrogatory to the extent DevPat disagrees with any or all of these objections.

## USANA'S RESPONSES TO DEVPAT'S RFP NOS. 123-138

**REQUEST FOR PRODUCTION NO. 123:** *Documents sufficient to show and confirm the sales of each of the products identified on the Inventory List, including the sales price, date of sale, and the identity and location (country and city/town) of the customer of each such sale.*

**RESPONSE**: In addition to incorporating its General Objections, USANA specifically objects to DevPat's RFP No. 123 as compound and containing multiple parts and/or subparts. For example, the so-called "Inventory List" itself identifies some fifty (50) separate and distinct "items," virtually all of which have "total inventories" running into the thousands and some over 210,000. Moreover, DevPat's RFP No. 123 requests documents "sufficient to show" multiple discrete pieces of information for each of these discrete items, potentially numbering in the millions, including each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale.

For the same reasons, USANA objects to DevPat's RFP No. 123 as seeking to impose duties on USANA beyond those required under the Federal Rules of Civil Procedure, including the potential preparation of documents which are not created, kept, stored or maintained in the ordinary course of business. Likewise, USANA further objects to DevPat's RFP No. 123 as grossly overbroad, unduly burdensome, and disproportionate to the needs of the case. USANA also objects to this RFP by incorporating USANA's objection to the definition of Inventory List as set forth in the General Objections. Regardless, this RFP seeks voluminous documents, some of which may not even be within USANA's possession, custody, or control, some of which are entirely irrelevant, and all of which is disproportionate to the needs to the case where DevPat has

already requested the relevant financial information necessary and sufficient to the needs of this case.

USANA further objects to this RFP to the extent it seeks a legal conclusion as to what constitutes a "sale." USANA further objects to this RFP inasmuch as DevPat created the so-called Inventory List and, therefore, is already in possession of at least some documents underling the substantive content of the Inventory List as well as the cumulative information DevPat ostensibly used to compile and create the Inventory List. USANA further objects to this RFP as duplicative of DevPat's prior discovery requests, including, *inter alia*, RFP Nos. 4-5, 38-39, 41-44, 46-73, and 75. To this end, USANA refers DevPat to USANA's document production and written responses, if any, to the above-identified RFPs. USANA is available to meet and confer concerning this Interrogatory to the extent DevPat disagrees with any or all of these objections.

USANA further objects to this RFP to the extent it seeks irrelevant information, including, *inter alia*, the date of sale for millions of individual items, the identity of potentially millions of third-party consumers, and the location of potentially millions of third-party consumers, some of which may be located outside the United States.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 124:**  *For each product identified on the Inventory List, documents sufficient to show the total revenue generated by the sale of each product.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of Inventory List, USANA specifically objects to DevPat's RFP No. 124 by incorporating all of its objections and responses to RFP No.123 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 123's request for documents "sufficient to show" multiple discrete pieces of information, now including "the total revenue generated by the sale of each product" in addition to each

individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale for some fifty (50) separate and distinct "items," virtually all of which have "total inventories" running into the thousands and some over 210,000. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, and seeks a legal conclusion. USANA further objects to this RFP where "total revenue" is undefined and unclear as used in the RFP.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 125:** *Documents sufficient to show the cost of goods sold for each product identified on the Inventory List.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of Inventory List, USANA specifically objects to DevPat's RFP No. 125 by incorporating all of its objections and responses to RFP Nos.123 and 124 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 123 and 124's request for documents "sufficient to show" multiple discrete pieces of information, now including "the cost of goods sold for each product" in addition to, *inter alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale for some fifty (50) separate and distinct "items," virtually all of which have "total inventories" running into the thousands and some over 210,000. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, and seeks a legal conclusion. USANA further objects to this RFP where "cost of goods sold" is undefined and unclear as used in the RFP.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 126:** *Documents sufficient to show the net profit associated with the sale of each product identified on the Inventory List.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of Inventory List, USANA specifically objects to DevPat's RFP No. 126 by incorporating all of its objections and responses to RFP Nos.123-125 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 123-125's request for documents "sufficient to show" multiple discrete pieces of information, now including "the net profit associated with the sale of each product" in addition to, *inter alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale for some fifty (50) separate and distinct "items," virtually all of which have "total inventories" running into the thousands and some over 210,000. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, and seeks a legal conclusion. USANA further objects to this RFP where "net profit" is undefined and unclear as used in the RFP.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 127:** *Documents and things sufficient to show the remaining inventory of the products identified on the Inventory List.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of Inventory List, USANA specifically objects to DevPat's RFP No. 127 by incorporating all of its objections and responses to RFP Nos.123-126 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 123-126's request for documents "sufficient to show" multiple discrete pieces of information, now including "the remaining inventory of the products" in addition to, *inter alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale for some fifty (50) separate and distinct "items," virtually all of which have "total inventories" running into the thousands and some over 210,000. This RFP is duplicative,

14

overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, and seeks a legal conclusion. USANA further objects to this RFP where it fails to identify a date on which the "remaining inventory" is to be determined and the term "remaining inventory" itself is undefined and unclear as used in the RFP. USANA further objects to this RFP to the extent it seeks irrelevant information, including USANA's so-called "remaining inventory."

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 128:** *Documents sufficient to show and confirm the number of products identified on the Inventory List which have been discarded, destroyed or given away, and for each such product the date of such action and the identity of the recipient (name and location) of the product that was allegedly given away.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of Inventory List, USANA specifically objects to DevPat's RFP No. 128 by incorporating all of its objections and responses to RFP Nos.123-127 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 123-127's request for documents "sufficient to show" multiple discrete pieces of information, now including "the number of products … which have been discarded, destroyed, or given away," the "date of such action," and the identity [and location] of the recipient … of the product that was allegedly given away" in addition to, *inter alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale for some fifty (50) separate and distinct "items," virtually all of which have "total inventories" running into the thousands and some over 210,000. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, and seeks a legal conclusion. USANA further objects to this RFP where it fails to identify a date on which the "action" in questioned is to be determined and

the terms "discarded, destroyed, or given away" are each undefined and unclear as used in the RFP.

USANA further objects to this RFP to the extent it seeks irrelevant information grossly disproportionate to the needs of this case, including, *inter alia*, the number of scores of products that might have been discarded, destroyed, or given away, the date of each such action, the identify of scores of individuals (which may be outside of USANA's possession, custody, or control) to which certain products were allegedly given, and the location of scores of individuals (which might also be outside of USANA's possession, custody or control) to which those products were allegedly given.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 129:**  *Documents and things sufficient to identify the stock keeping unit ("SKU") for each USANA Shake Product marketed, advertised, and/or sold by USANA bearing the Infringing Mark.*

**RESPONSE**:  In addition to incorporating its General Objections, USANA specifically objects to DevPat's RFP No. 129 inasmuch as USANA objects to the capitalized term "USANA Shake Product," as set forth in the General Objections. USANA further objects to RFP No. 129 as irrelevant where the SKUs for each alleged product are neither relevant nor proportional to the needs of the case. USANA further objects to this RFP where it seeks a legal conclusion as to sales and trademark usage and the terms "marketed," "advertised," "sold" and "bearing the [allegedly] Infringing Mark" are undefined and vague and ambiguous as used in the RFP.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 130:**  *Documents sufficient to identify for each sale of each USANA Shake Product bearing the Infringing Mark, the sales price, the date of sale, and the identity and location (country and city/town) of the customer of each such sale.*

**RESPONSE**:  In addition to incorporating its General Objections, USANA specifically objects to DevPat's RFP No. 130 as compound and containing multiple parts and/or subparts. Specifically, DevPat's RFP No. 130 requests documents "sufficient to identify" multiple discrete pieces of information, including sales for numerous individual products, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale.

For the same reasons, USANA objects to DevPat's RFP No. 130 as seeking to impose duties on USANA beyond those required under the Federal Rules of Civil Procedure, including the potential preparation of documents which are not created, kept, stored or maintained in the ordinary course of business. Likewise, USANA further objects to DevPat's RFP No. 130 as grossly overbroad, unduly burdensome, and disproportionate to the needs of the case. USANA also objects to this RFP by incorporating USANA's objection to the definition of USANA Shake Product as set forth in the General Objections. Regardless, this RFP seeks voluminous documents, some of which may not even be within USANA's possession, custody, or control, some of which are entirely irrelevant, and all of which is disproportionate to the needs to the case where DevPat has already requested the relevant financial information necessary and sufficient to the needs of this case.

USANA further objects to this RFP to the extent it seeks a legal conclusion as to what constitutes a "sale." USANA further objects to this RFP as duplicative of DevPat's prior discovery requests, including, *inter alia*, RFP Nos. 4-5, 38-39, 41-44, 46-73, and 75. To this end, USANA refers DevPat to USANA's document production and written responses, if any, to the above-identified RFPs. USANA is available to meet and confer concerning this Interrogatory to the extent DevPat disagrees with any or all of these objections.

USANA further objects to this RFP to the extent it seeks irrelevant information, including, *inter alia*, the date of sale for millions of individual items, the identity of potentially millions of third-party consumers, and the location of potentially millions of third-party consumers, some of which may be located outside the United States.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 131:**  *Documents sufficient to show the total revenue generated by the sale of each USANA Shake Product bearing the Infringing Mark.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of USANA Shake Product, USANA specifically objects to DevPat's RFP No. 131 by incorporating all of its objections and responses to RFP No.130 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 130's overbroad request for documents "sufficient to show" multiple discrete pieces of information, now including "the total revenue generated by the sale of each [product]" in addition to each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, and seeks a legal conclusion. USANA further objects to this RFP where "total revenue" is undefined and unclear as used in the RFP.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 132:**  *Documents sufficient to show the costs of goods sold of each USANA Shake Product bearing the Infringing Mark.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of USANA Shake Product, USANA specifically objects to DevPat's RFP No. 132 by incorporating all of its objections and responses to RFP Nos.130 and 131 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 130 and 131's request for documents "sufficient to show" multiple discrete pieces of information, now including "the cost of goods sold for each [product]" in addition to, *inter alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale. This RFP is duplicative, overbroad, unduly burdensome,

18

disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, and seeks a legal conclusion. USANA further objects to this RFP where "cost of goods sold" is undefined and unclear as used in the RFP.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 133:** *Documents sufficient to show the net profit generated by the sale of each USANA Shake Product bearing the Infringing Mark.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of USANA Shake Product, USANA specifically objects to DevPat's RFP No. 133 by incorporating all of its objections and responses to RFP Nos.130-132 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 130-132's request for documents "sufficient to show" multiple discrete pieces of information, now including "the net profit generated by the sale of each [product]" in addition to, *inter alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, and seeks a legal conclusion. USANA further objects to this RFP where "net profit" is undefined and unclear as used in the RFP.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 134:** *Documents and things sufficient to show the amount of inventory of each USANA Shake Product bearing the Infringing Mark.*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of USANA Shake Product, USANA specifically objects to DevPat's RFP No. 134 by incorporating all of its objections and responses to RFP Nos.130-133 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it

merely adds to RFP No. 130-133's request for documents "sufficient to show" multiple discrete pieces of information, now including "the amount of inventory of each [product]" in addition to, *inter alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, and seeks a legal conclusion. USANA further objects to this RFP where it fails to identify a date on which the "inventory" is to be determined and the term "inventory" itself is undefined and unclear as used in the RFP. USANA further objects to this RFP to the extent it seeks irrelevant information, including documents concerning unsold inventory, if any.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

**REQUEST FOR PRODUCTION NO. 135:** *Documents sufficient to show and confirm each online sale of each USANA Shake Product depicted in Exhibit 2, including the sales price, the date of sale, and the identity and location (country and city/town) of the customer of each such sale (regardless of whether or not the packaging of the product that was shipped in response to the online purchase order bore the Infringing Mark).*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of USANA Shake Product as well as DevPat's Exhibit 2, USANA specifically objects to DevPat's RFP No. 135 by incorporating all of its objections and responses to RFP Nos.130-134 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 130-134's request for documents "sufficient to show" multiple discrete pieces of information, now including "confirm[ation] of each online sale" in addition to, *inter alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, and seeks a legal conclusion. USANA further objects to this RFP where the terms "online sale" and "online purchase order" are each undefined and unclear as used in the RFP.

USANA further objects to this RFP to the extent it seeks irrelevant information grossly disproportionate to the needs of this case, including, *inter alia*, the number of potentially thousands of online sales, the date of each such sale, the identify of potentially thousands of individuals (which may be outside of USANA's possession, custody, or control) to which certain products were allegedly sold online, and the location of scores of individuals (which might also be outside of USANA's possession, custody or control) to which those products were allegedly sold online, some of whom may reside outside the United States.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

> **REQUEST FOR PRODUCTION NO. 136:** *Documents sufficient to show the cost of goods sold for each online sale of each USANA Shake Product depicted in Exhibit 2 (regardless of whether or not the packaging of the product that was shipped in response to the online purchase order bore the Infringing Mark).*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of USANA Shake Product as well as DevPat's Exhibit 2, USANA specifically objects to DevPat's RFP No. 136 by incorporating all of its objections and responses to RFP Nos.130-135 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 130-135's request for documents "sufficient to show" multiple discrete pieces of information, now including "cost of goods sold" in addition to, *inter alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, seeks a legal conclusion and seeks irrelevant information. USANA further objects to this RFP where the terms "online sale," "online purchase order," and "cost of goods sold" are each undefined and unclear as used in the RFP.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

***REQUEST FOR PRODUCTION NO. 137:*** *All documents and things sufficient to show the total revenue generated by each online sale of each USANA Shake Product depicted in Exhibit 2 (regardless of whether or not the packaging of the product that was shipped in response to the online purchase order bore the Infringing Mark).*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of USANA Shake Product as well as DevPat's Exhibit 2, USANA specifically objects to DevPat's RFP No. 137 by incorporating all of its objections and responses to RFP Nos.130-136 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 130-136's request for documents "sufficient to show" multiple discrete pieces of information, now including "the total revenue" in addition to, *inter alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, seeks a legal conclusion and seeks irrelevant information. USANA further objects to this RFP where the terms "online sale," "online purchase order," and "total revenue" are each undefined and unclear as used in the RFP.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

***REQUEST FOR PRODUCTION NO. 138:*** *All documents and things sufficient to show the net profit generated by USANA for each online sale of each USANA Shake Product depicted in Exhibit 2 (regardless of whether or not the packaging of the product that was shipped in response to the online purchase order bore the Infringing Mark).*

**RESPONSE**:   In addition to incorporating its General Objections, including its objections concerning DevPat's definition of USANA Shake Product as well as DevPat's Exhibit 2, USANA specifically objects to DevPat's RFP No. 138 by incorporating all of its objections and responses to RFP Nos.130-137 to the fullest extent applicable. USANA further objects to this RFP inasmuch as it merely adds to RFP No. 130-137's request for documents "sufficient to show" multiple discrete pieces of information, now including "the net profit" in addition to, *inter*

*alia*, each individual sales price, the date of each sale, the identify of each purchaser, and the location of the sale. This RFP is duplicative, overbroad, unduly burdensome, disproportionate to the needs of the case, exceeds the duties imposed on USANA under the Federal Rules of Civil Procedure, seeks a legal conclusion and seeks irrelevant information. USANA further objects to this RFP where the terms "online sale," "online purchase order" and "net profit" are each undefined and unclear as used in the RFP.

Subject to and without waiving any of the objections set forth above, USANA has or will produce relevant documents responsive to this RFP.

DATED this 29th day of November, 2018.

                                        **KIRTON McCONKIE**


                                        By: */s/ James T. Burton*
                                              James T. Burton
                                              Joshua S. Rupp
                                              *Attorneys for Defendant*
                                              *Usana Health Sciences, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of November, 2018, I caused a true and correct copy of the foregoing to be served on all counsel of record by electronic mail.

*/s/ James T. Burton*_____